ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
Al Barih for General Contracting Ltd. ) ASBCA Nos. 57148, 57149, 57599
)
Under Contract No. W91GDW-07-D-2012 )

APPEARANCE FOR THE APPELLANT: Mr. Naseer A. Abdul-Ameer
President/CEO

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Tyler L. Davidson, JA
Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE PAUL
ON APPELLANT'S MOTION FOR RECONSIDERATION

On 7 July 2014, the Board dismissed Al Barih for General Contracting Ltd.'s (Al Barih's) appeals for failure to prosecute pursuant to Board Rule 31, now revised as Rule 17. *Al Barih for General Contracting Ltd.*, ASBCA Nos. 57148, 57149, 57599, 14-1 BCA ¶ 35,661. Familiarity with that decision is presumed. We noted that Al Barih's appeals had been on the Board's docket for several years, that it had engaged a series of attorneys who later withdrew their representation, and that it had failed to comply with a series of Board orders. Accordingly, the Board ordered Al Barih to show cause why its appeals should not be dismissed with prejudice for failure to prosecute. In its response, appellant failed to resolve the issues raised by the Board. Rather, it pointed to financial distress as the underlying cause for its failures. Rejecting Al Barih's contentions, the Board held:

> Many contractors are represented *pro se* before this Board.
> They routinely respond to discovery requests and file
> briefing materials. Considering the extended period of
> time these appeals have been on the Board's docket, Al
> Barih's alleged financial condition does not excuse its
> failure to prosecute these appeals.

14-1 BCA ¶ 35,661 at 174,568.

Al Barih filed a timely motion for reconsideration dated 9 August 2014. It stated that it was trying to raise funds to secure new counsel and that it would suffer a significant financial loss if our decision was affirmed (mot. at 1-2). On 26 August

2014, the government responded to appellant's motion. It accurately set forth the legal standard governing motions for reconsideration in these terms:

> In determining whether a party has met this standard, the Board will consider newly discovered evidence, mistakes in the Board's fact-finding, and errors of law. [Citations omitted]

(Gov't opp'n at 1-2) The government argued that appellant had failed to meet these criteria (*id.* at 1-3). On 25 September 2014, Al Barih filed a reply brief in which it merely summarized its earlier contentions (app. reply br. at 1-2).

Al Barih has failed to meet the standards for granting motions for reconsideration. It has neither presented any newly discovered evidence nor pointed to any factual or legal errors in our decision.

## CONCLUSION

We have reconsidered our decision and affirm it.

Dated: 5 November 2014

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

PAUL WILLIAMS
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

MARK N. STEMPLER
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 57148, 57149, 57599, Appeals of Al Barih for General Contracting Ltd., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals